```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ROSA MARTINEZ,                                                :
                                                              :
                              Plaintiff,                      :     1:22-cv-9215-GHW
                                                              :
              -against-                                       :     ORDER
                                                              :
MARTIN O'MALLEY,                                              :
Commissioner of Social Security                               :
                                                              :
                              Defendant.                      :
                                                              :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/2024

GREGORY H. WOODS, United States District Judge:

On December 4, 2023, the Honorable Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") recommending that the Court deny Plaintiff's motion for judgment on the pleadings and grant Defendant's motion for judgment on the pleadings. Dkt. No. 22. The Report describes in detail the facts and procedural history of this case.[1]

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for

---

[1] Capitalized terms used without definition herein have the meaning provided in the Report.

clear error those parts of the report and recommendation to which no party has timely objected. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); 28 U.S.C. § 636(b)(1)(A).

Plaintiff filed timely objections to the Report on December 18, 2023 (the "Objections"). Dkt. No. 23. In her objections, Plaintiff takes issue with only one aspect of the Report. She contends that Judge Gorenstein erred in concluding that that one could glean from the evidence the basis for the ALJ's devaluation of one of Dr. Healy's opinions—namely, that the plaintiff was limited to sitting for 4 hours in an 8 hour work day. Objections at 1-2. In support of this argument, Plaintiff asserts that the portion of the ALJ's decision quoted in the Report in support of this conclusion was "merely the ALJ's analysis of plaintiff's complaints of pain and limitations. Without speculation, it cannot be read as an analysis of Dr. Healy's medical opinion based on the doctor's examination of plaintiff." *Id.* at 2.

Plaintiff does not object to any of the other recommendations contained in the Report. Plaintiff does not object to Judge Gorenstein's careful description of the facts or law applicable to the case. And significantly here, Plaintiff does not object to Judge Gorenstein's conclusion that the ALJ's decision to discount Dr. Healy's opinion was sound on alternative grounds—because Dr. Healy had failed to "articulate reasons or provide explanations" for his opinion. Judge Gorenstein found that "[b]ecause it is clear that the ALJ based his decision on an absence of support in Dr. Healy's own report, remand is not warranted." Report at 15. Nor does Plaintiff object to Judge Gorenstein's conclusion that "any error in the ALJ's decision to reject Dr. Healy's opinion regarding the medical necessity of a cane was harmless." Report at 13. Judge Gorenstein reached that conclusion because "the VE testified that Martinez could perform jobs in the national economy while using a cane . . . ." *Id.* Plaintiff also does not object to the Report's conclusion that "the ALJ's RFC determination was supported by substantial evidence." *Id.* at 19.

The Court has reviewed those aspects of the Report that were not the subject of any objection for clear error and finds none. *See Braunstein v. Barber*, No. 06-cv-5978, 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record."). Because the recommendations by Judge Gorenstein to which Plaintiff did not object included a recommendation that remand was inappropriate because Dr. Healy's report did not contain adequate support for his opinion, Defendant would be entitled to judgment in its favor even if the Court agreed with Plaintiff's limited objections.

Nonetheless, the Court has reviewed *de novo* the one aspect of the Report that was the subject of Plaintiff's Objections. Having reviewed the record, the parties' submissions in connection with their respective motions for judgment on the pleadings, the Report, and the Objections, the Court agrees with Judge Gorenstein's thoughtful and well-reasoned analysis and conclusions in full and therefore adopts the Report in its entirety.

The Report properly concluded that one could glean from the evidence of record the basis for the ALJ's decision to ascribe little weight to Dr. Healy's opinion about the plaintiff's ability to sit. As the Report noted, the ALJ gave little weight to the sitting restriction because it was not "supported by the overall evidence" and because "the physician did not articulate reasons or provide explanations for th[is] limitation[]." R. 493. The ALJ wrote that "the level of functioning demonstrated by the claimant in the record support the conclusion that the residual functional capacity of sedentary work with additional . . . limitations accommodates the claimant's impairments . . . ." *Id.* The ALJ asserted that the "residual functional capacity assessment" was supported by the evidence in the record. *Id.* "This evidence includes diagnostic findings, objective examination findings, treatment history, present treatment needs, statements of the claimant, and evidence of her activities." *Id.*

3

Judge Gorenstein carefully reviewed the ALJ's findings in his Report and summarized them. "The ALJ's decision was based, then on his determination that it was both inconsistent with the record and unsupported by Dr. Healy's examination." Report at 14. The Report went on to quote a portion of the ALJ's report in which the ALJ noted that the plaintiff had "generally normal gait findings, intact sensation, and generally normal strength findings . . . ." The ALJ determined that this "objective evidence" of the plaintiff's ability was "not consistent with the claimant's allegations of symptoms and limited activities." R. 491.

The Objections protest that this quotation comes from a portion of the ALJ's decision which "concerned plaintiff's complaints of pain and limitations." Objections at 2. Plaintiff suggests that Judge Gorenstein misunderstood the quoted text to be the ALJ's analysis of the basis for his opinion about the plaintiff's sitting limitations. But the Objections are based on a misreading of the quoted text and a misinterpretation of Judge Gorenstein's use of the quotation.

First, while the quoted text does not appear in the section of the ALJ's decision regarding the weight to be ascribed to Dr. Healy's opinion, it is clearly informative of the ALJ's view of Dr. Healy's sitting limitation. For in the sentence that follows the text quoted in the Report, the ALJ writes that "in reconciling such evidence with imaging studies . . . some noted weakness, and varied straight leg raise findings[,] the undersigned finds the claimant is limited to *sedentary* exertion with the additional . . . restrictions as determined above." *Id.* (emphasis added).

Moreover, the Court does not understand the Report to suggest that the quoted text is the only evidence on the record from which the basis for the ALJ's decision can be gleaned.[2] Instead, the Court views the quoted text as an example of the kinds of physical evidence reviewed in the

---

[2] Contrary to Plaintiff's argument, the Report does not take the position that this section of the ALJ's decision was the ALJ's analysis of Dr. Healy's opinion about the plaintiff's ability to sit. Judge Gorenstein acknowledged that "the ALJ does not identify any specific evidence in the record that is inconsistent with Healy's opinion . . . ." Report at 14. And he highlighted that the quoted text was from "an earlier part of" the ALJ's decision. *Id.*

4

ALJ's report from which one could glean the basis for the ALJ's decision: it described the plaintiff as having "intact sensation, and generally normal strength." These physical traits supported the ALJ's determination that Dr. Healy's opinion about the plaintiff's inability to sit was not supported by the record.

The ALJ's decision and the record is replete with other references to the plaintiff's physical capacity that undermine Dr. Healy's opinion: they too allow the reviewer to ascertain the basis for the ALJ's conclusion that the overall evidence did not support Dr. Healy's opinion. The Government's brief catalogs many.[3] The text quoted in the Report is illustrative, not exclusive. The Court agrees with Judge Gorenstein that the basis for the ALJ's decision is readily gleaned from the evidence of record.

For the reasons articulated in the Report, Plaintiff's motion for judgment on the pleadings is DENIED, and Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to update the caption of this case to conform to the caption of this order. The Clerk of Court is further directed to enter judgment in favor of Defendant and against Plaintiff, to terminate the motions pending at Dkt. Nos. 16 and 20, and to close this case.

SO ORDERED.

Dated: January 15, 2024

GREGORY H. WOODS
United States District Judge

---

[3] *See, e.g.* Defendant's Memorandum in Support, Dkt. No. 21, at 21-22 ("[T]he objective medical evidence generally showed intact gait and intact sensation, and often showed full or mostly full strength and negative straight leg raise tests. The ALJ further considered that Plaintiff was able to perform activities such as driving a car and riding public transportation, which demonstrated an ability to sit. Moreover, although Plaintiff told Dr. Healy that she could not sit for long periods, Plaintiff did not complain of difficulty sitting at appointments with her physical therapist and/or PA Mihai. Instead, at various appointments, Plaintiff complained of difficulty lifting, carrying, moving her neck, bending, standing for long periods, walking, raising her arms overhead, and/or navigating stairs.") (internal citations omitted).